IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Forrester T. Robinson, )
    Petitioner, )
 )
v. ) 1:08cv1077 (CMH/TCB)
 )
Warden, )
    Respondent. )

## MEMORANDUM OPINION

Forrester T. Robinson, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction in the Circuit Court for Hanover County, Virginia for murder, two counts of malicious wounding, and three counts of use of a firearm during the commission of a felony. On July 27, 2009, respondent filed a Motion to Dismiss and Rule 5 Answer. Robinson was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), however he did not file a response. Petitioner has also filed an "Omnibus Motion for Discovery," in which he effectively requests the state to provide any information which could be helpful to Robinson's petition. For the reasons that follow, the Motion will be denied and the petition will be dismissed.

### I. Motion for Discovery

Petitioner's Motion will be denied because he has not shown good cause for his request. Whether a court should allow discovery in a § 2254 proceeding is a matter of the court's discretion, and a petitioner seeking discovery must show good cause for granting his request. See Rule 6(a), Rules Governing § 2254 Cases; Bracy v. Gramley, 520 U.S. 899, 904 (1997); Stephens v. Branker, 570 F.3d 198, 207 (4th Cir. 2009). Here, petitioner has merely provided a

nondescriptive laundry list of information he seeks without explaining how any of the sought-after information would be relevant to his claims. Therefore, petitioner's Motion will be denied.

## II. Background

The record shows that on August 11, 2002, petitioner approached a car filled with the victims, asked which one of them had insulted petitioner's friend, and then fired multiple shots into the car, killing one person, Cherico Johnson, and wounding two others, Dante Sessoms and Jeffery Washington. Trial Tr. 180, 440. Washington positively identified petitioner as the shooter at trial. Id. at 225. Petitioner's palm print was found on the outside of the car in which the victims were shot. Id. at 478-79. Petitioner was tried by a jury and was sentenced to life plus fifty-three years imprisonment on November 7, 2003. Case Nos. CR02000618-00 to -05. Petitioner appealed his conviction, but the Court of Appeals of Virginia dismissed his appeal as untimely. Robinson v. Commonwealth, R. No. 2667-03-2 (Va. Ct. App. March 18, 2004). Petitioner, by counsel, filed a habeas petition on September 7, 2005, in the Circuit Court for Hanover County, alleging only that he was denied his right to appeal his conviction to the Court of Appeals. The Circuit Court granted petitioner the right to seek a belated appeal. Robinson v. Director, Dep't of Corrections, Case No. CL05000389-00 (Va. Cir. Ct. Dec. 9, 2005). The Court of Appeals denied Robinson's petition for appeal, Robinson v. Commonwealth, R. No. 0104-06-2 (Va. Ct. App. July 13, 2006), and the Supreme Court of Virginia refused the appeal. Robinson v. Commonwealth, R. No. 062194 (Va. Feb. 26, 2007).

Petitioner filed a second state habeas petition,[1] this time in the Supreme Court of Virginia, raising the following claims:

---

[1] This petition was not barred as a successive habeas petition because Virginia Code § 8.01-654(B)(2) allows subsequent petitions where the sole allegation raised in the first petition is that petitioner was deprived of the right to appeal.

2

A. Trial counsel was ineffective for failing to investigate the facts surrounding the offenses and provided the petitioner with an "inferior degree of representation" due to counsel's illness.
B. Trial counsel was ineffective for failing to present jury instructions on lesser-included offenses of first degree murder.
C. Trial counsel was ineffective for failing to state any grounds for his objections to the improper remark made by the Commonwealth's Attorney and did not ask for a cautionary jury instruction.
D. Trial counsel was ineffective for failing to raise a claim of "misidentification and uncorroborated testimony" of the Commonwealth's key witness.
E. Habeas counsel was ineffective for failing to raise all claims of ineffective assistance of counsel in Robinson's first habeas petition in violation of Code § 8.01-654(B)(2).
F. Appellate counsel was ineffective for filing "frivolous claims" on direct appeal that were not properly preserved.

The Supreme Court denied the petition. Robinson v. Warden, Nottoway Correctional Center, R. No. 080381 (Va. Oct. 2, 2008). Robinson filed the instant petition on October 15, 2008, raising the same claims as those raised in his state habeas petition. Respondent moved to dismiss the petition, Robinson did not file responsive materials, and thus the matter is now ripe for review.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication was contrary to, or an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ

3

should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. The standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### IV. Merits

Robinson argues that he received ineffective assistance of trial and appellate counsel for several reasons. However, he has failed to show that the state court's adjudications are contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984), or are based on an unreasonable determination of the facts, and therefore his ineffective assistance of counsel claim fails. See 28 U.S.C. § 2254(d). To establish ineffective assistance of counsel, Robinson must show that (1) "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the range of professionally competent assistance," Strickland, 466 U.S. at 690 (defining ineffective assistance of counsel as falling below an objective standard of reasonableness and applying a strong presumption of competence and deference to attorney judgment), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A successful petition "must show both deficient performance and prejudice," and "the two are separate and distinct elements of an ineffective assistance claim." Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994). Moreover, a court does not need to review the reasonableness of counsel's performance if the petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

4

With respect to the first prong of the Strickland test, "[j]udicial scrutiny of counsel's performance must be highly deferential," Strickland, 466 U.S. at 689, and a court must "presume that challenged acts are likely the result of sound trial strategy." Spencer, 18 F.3d at 233. With respect to the second prong of the Strickland test, "a reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In order to undermine confidence in the case outcome, the petitioner must show more than a remote possibility that the results of the trial would have been different. Washington v. Murray, 4 F.3d 1285, 1290 (4th Cir. 1993).

In Claim A, petitioner alleges that trial counsel provided ineffective assistance by failing to investigate the facts surrounding the offenses and by providing petitioner with an "inferior degree of representation" because counsel became ill during trial. According to petitioner, had counsel properly investigated the crime, counsel would have discovered that petitioner was in fact, as he had claimed, urinating by a tree at the time of the shootings, and that "just maybe, there was [a] potential witness at that location who possibly was reluctant to come forward." Petitioner also claims that because counsel experienced shortness of breath at one point during trial, counsel provided ineffective assistance. The Supreme Court of Virginia held that Claim A satisfied neither prong of the Strickland test because petitioner failed to provide names of any potential witnesses and failed to show how counsel viewing the crime scene would have demonstrated petitioner's innocence. As the Supreme Court noted, petitioner was identified by one of the victims at trial, and petitioner's palm print was found on the outside of the car in which the shootings took place. Robinson, R. No. 080381 at *4. Regarding counsel's illness during his closing argument, the transcripts indicate that counsel and the court asked petitioner several times, including immediately after counsel's illness, whether petitioner was satisfied with

5

counsel's performance, given his coughing and shortness of breath. Trial Tr. 428, 448-49. Petitioner repeatedly responded that he was "fine." Id. Petitioner is bound by these statements. See Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001). As the Supreme Court of Virginia held, nothing in the record indicates that counsel's illness rendered his performance unreasonable or that it impacted the proceedings adversely petitioner. Robinson, R. No. 080381, at *3. Therefore, there is no reasonable probability that, but for counsel's alleged errors, the result of the trial would have been different, and Claim A will be dismissed.

In Claim B, petitioner argues that trial counsel failed to present jury instructions on lesser included offenses of first degree murder and that trial counsel failed to prepare jury instructions personally. The Supreme Court of Virginia held that Claim B satisfies neither prong of the Strickland test because petitioner failed to articulate an evidentiary basis to support his arguments that counsel should have proffered those instructions and that counsel should have prepared the instructions personally. Petitioner did not explain how "personally prepared" instructions would have been better than instructions prepared by the Commonwealth or "model" instructions. Robinson, R. No. 080381, at *4. Furthermore, petitioner did not demonstrate that an instruction on lesser-included offenses would have rendered a different result, considering that petitioner was found guilty of murder by the jury. Id. at *3. This holding is not an unreasonable application of Strickland, nor is it based on an unreasonable determination of the facts. Cf. Williams, 529 U.S. at 412-13. Washington positively identified petitioner as the person who shot and killed Johnson and who shot and wounded Washington and Sessoms; nothing about the evidence indicates that petitioner should have been convicted of a lesser crime than murder if the jury had received instructions on lesser-included offenses. As counsel cannot be ineffective for

failing to make a baseless request, see United States v. Cronic, 466 U.S. 648, 658 (1984), Claim B will also be dismissed.

In Claim C, petitioner alleges that trial counsel was ineffective for failing to state any grounds for his objections to an improper remark made by the Commonwealth's Attorney and for failing to ask for a cautionary jury instruction following the remark. The Supreme Court of Virginia held that Claim C met neither prong of Strickland. Robinson, R. No. 080381, at *4. The remark at issue was the prosecutor's statement in his closing argument that petitioner had not offered any innocent explanation for how his palm print could have been found on the car. Trial Tr. 411-12. Petitioner's counsel objected, arguing that petitioner did not need to provide an explanation. The objection was overruled, although the court noted that petitioner indeed had no burden to explain the presence of his palm print on the car. The Supreme Court of Virginia's holding was not an unreasonable application of Strickland. As the Court held, the prosecutor's comment was "an appropriate reflection of the evidence," because in his own testimony, petitioner had been able to articulate no explanation for his palm print on the car. As the Supreme Court of Virginia noted, the record reflects that the jury had already been instructed that petitioner had no burden to produce evidence and to presume petitioner innocent until proven guilty. Further cautionary instructions would have been duplicative and were therefore unnecessary, and counsel's failure to request such an instruction does not render his assistance ineffective. Thus, Claim C will be dismissed.

In Claim D, petitioner argues that counsel was ineffective for failing to raise a claim of "misidentification and uncorroborated testimony" of the Commonwealth's witnesses. The Supreme Court of Virginia rejected this claim, holding that neither prong of the Strickland test was satisfied because the evidence clearly proved that petitioner was properly identified as the

shooter. Robinson, R. No. 080381, at *5. Specifically, several eyewitnesses to the shooting identified Robinson as the shooter and petitioner's palm print was found on the car. Counsel cross-examined all of the Commonwealth's primary witnesses regarding discrepancies in their testimonies and their abilities to identify petitioner as the shooter. Even in counsel's closing argument, he argued that the witnesses had misidentified Robinson. As counsel clearly made several attempts to challenge the witnesses' testimonies, petitioner cannot succeed on a claim that counsel was ineffective for failing to raise a claim of misidentification and uncorroborated testimony, and Claim D will be dismissed.

In Claim E, petitioner alleges that habeas counsel failed to raise all claims of ineffective assistance of counsel in Robinson's first state habeas petition, a violation of Virginia Code § 8.01-654(B)(2). As the Supreme Court of Virginia noted, this claim must be dismissed because there is no constitutional right to counsel during habeas corpus proceedings. See Coleman v. Thompson, 501 U.S. 722, 752-57 (1991); Pennsylvania v. Finley, 481 U.S. 551, 556 (1987); see also Howard v. Warden, 384 S.E.2d 211, 213 (Va. 1986). Thus, Claim D fails as well.

In Claim F, petitioner argues that appellate counsel was ineffective for filing "frivolous claims" on direct appeal that had not properly been preserved. Specifically, two issues raised on appeal were dismissed pursuant to Virginia Supreme Court Rule 5A:18, which holds that no trial court ruling will be considered a basis for reversal unless preserved by objection at the time of the ruling. The Supreme Court of Virginia found that Claim F satisfied neither prong of the Strickland test, which is not an unreasonable application of Strickland. The selection of issues to address is left to appellate counsel's discretion. Jones v. Barnes, 463 U.S. 745, 751-52 (1983). Furthermore, petitioner has not explained how raising the allegedly "frivolous" claims impacted the outcome of his appeal. Thus, Claim F will be dismissed.

8

## V. Conclusion

For the above stated reasons, petitioner's Motion for Discovery will be denied, respondent's Motion to Dismiss will be granted, and this petition will be dismissed. An appropriate Order shall issue.

Entered this 8th day of March 2010.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia